NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOELL SIERRA CRUMMETT,<br><br>    Plaintiff – Appellant,<br><br> v.<br><br>MICHELLE KING, Acting Commissioner<br>of Social Security,<br><br>    Defendant – Appellee. | No. 23-3668<br><br>D.C. No.<br>2:22-cv-00593-JDP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Submitted February 10, 2025[**]
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Noell Sierra Crummett ("Crummett") appeals the district court's order

affirming the Administrative Law Judge's ("ALJ") denial of her application for

disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel has unanimously concluded this case is suitable for decision without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

§ 402(d)(1) and § 1382c(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a denial of social security benefits de novo. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). "[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). And "[i]f the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Id.* at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

1. The ALJ did not improperly discount Crummett's subjective symptoms testimony. An ALJ must provide "'specific, clear, and convincing reasons'" for discounting a claimant's subjective symptoms testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (quoting *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021)). Here, the ALJ carefully explained that Crummett's testimony about her

2

symptoms and limitations conflicted with the objective medical evidence. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498 (emphasis omitted). Similarly, the ALJ found that Crummett's daily activities were inconsistent with her testimony and that her lack of work history, rejection of vocational and educational services, and "loung[ing] around the house" further undermined her credibility. These justifications are clear and convincing reasons supporting the ALJ's decision to discount Crummett's testimony. *Id.* at 499.[1]

2. The ALJ also did not err regarding Crummett's mother's lay witness testimony. It is unsettled whether an ALJ is still required to consider lay witness evidence under the revised regulations. *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022). But even assuming an ALJ must still consider such evidence, because the ALJ "provided clear and convincing reasons for

---

[1] Crummett does not directly challenge the ALJ's step-five finding but nonetheless argues in a footnote that the job of "[d]ocument preparer has come under legal suspicion." Even without considering the document preparer jobs, there remain significant numbers of escort vehicle driver and assembler jobs that Crummett could perform. *See Shaibi v Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2018). Crummett also suggests in passing that she is not capable of performing the escort vehicle driver jobs due to her manipulative limitations. But to evaluate this argument, we must assume that the ALJ erred in weighing the evidence. Because we find no error in the ALJ's analysis, we need not further address any such derivative arguments. *Valentine*, 574 F.3d at 694.

rejecting [Crummett's] own subjective complaints, and because [Crummett's mother's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [Crummett's mother's] testimony." *Valentine*, 574 F.3d at 694. To the extent the ALJ failed to consider the lay witness testimony from Crummett's mother, it would thus be harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a); *see also Valentine*, 574 F.3d at 694.

3. Finally, the ALJ did not err in weighing the medical opinion evidence. An ALJ must "explain how [she] considered the supportability and consistency factors in reaching these findings," but need not discuss other factors. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (cleaned up). And "the decision to discredit any medical opinion … must simply be supported by substantial evidence." *Id.* at 787. Here, the ALJ sufficiently explained why each medical opinion was or was not supported by the medical record or consistent with the other evidence. For the medical opinions the ALJ found persuasive, she appropriately translated those assessments into Crummett's residual functional capacity and limited her to "light work" with specific restrictions. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

We therefore conclude the ALJ's decision applied the correct legal standards and was supported by substantial evidence.

**AFFIRMED.**